O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY McCLENDON,<br><br>  Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>  Defendant. | CASE NO. ED CV 11-01472 RZ<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff raises two arguments in seeking to overturn the Social Security Commissioner's decision denying his claim for disability benefits. He asserts that the Administrative Law Judge wrongly did not accept the opinion of Dr. Amin, and that the Administrative Law Judge wrongly found Plaintiff not to be fully credible. The Court disagrees.

Although the Administrative Law Judge evaluated Plaintiff for both physical and mental impairments, Plaintiff's only challenge here is to the weight given to the overall determination by an orthopedist, Dr. Amin, who examined Plaintiff in connection with Plaintiff's worker's compensation claim. The Administrative Law Judge stated that she gave no weight to the permanent disability assessments of Dr. Amin. [AR 29] Instead, she relied on (1) testimony from Dr. Landau, the medical expert [AR 28]; (2) the consultative

examiner and the State agency review physicians [AR 30]; and (3) to a lesser extent, worker's compensation physicians Drs. Wood and Dini [AR 29-30].

The opinion of a non-examining physician cannot by itself supplant the opinion of a treating physician. However, when the medical advisor's opinion is bolstered by other opinions or by other medical evidence, or by inconsistencies in a claimant's testimony, then it can stand as substantial evidence supporting the Administrative Law Judge's decision. *Morgan v. Apfel*, 169 F.3d 595, 602-03 (9th Cir. 1999). The medical advisor here reviewed all the records and all the reports, including those of the consulting physician. The reports were fairly consistent as to the nature of the Plaintiff's impairment. The differences lay primarily in the degree of functionality that the doctors thought Plaintiff retained. Some, in fact, thought Plaintiff retained quite a bit of functional capacity, but the Administrative Law Judge gave a more lenient read to the evidence, and enunciated a residual functional capacity that was more restrictive than the capacity that two of Plaintiff's doctors had suggested. Thus, the Administrative Law Judge restricted Plaintiff to a subset of light work, whereas two doctors only precluded him from heavy work under the worker's compensation standards [AR 314, 331], a restriction that meant that he had lost about 50% of his prior ability to perform certain physical tasks. [AR 391] These doctors had found Plaintiff more capable of performing as early as June 2009 than did Dr. Amin in November 2009; hence, contrary to Plaintiff's argument here, there was support in the record for the Administrative Law Judge's statement that doctors other than Dr. Amin had decreased the limitations on Plaintiff by November 2009. [AR 29] In the face of fairly consistent agreement as to the medical evidence, and the reports of other physicians, the Administrative Law Judge complied with applicable legal standards in declining to accept Dr. Amin's assessment that Plaintiff was totally disabled.

Plaintiff also complains that the Administrative Law Judge wrongly found him not to be totally credible. In the context of this case, this is little more than a restatement of the prior argument. The Administrative Law Judge did not find that Plaintiff was not credible in everything he said; rather, he found that the impairment was not totally

disabling.  Given that Plaintiff could perform some functions and retained some abilities, the Administrative Law Judge did not believe Plaintiff's claim that he was *completely* disabled.  [AR 26]  In this Court, Plaintiff asserts that he does not need to be utterly incapacitated in order to be found disabled.  This is, of course, the law, *see Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001), but it is off the point here.  The credibility determination here was not that Plaintiff said something about how much pain he was in, and the Administrative Law Judge did not believe him about his subjective, and unverifiable, statement; rather, the determination was that Plaintiff said he was incapable of working, and the Administrative Law Judge did not agree with him about *that*.  In this context, the Administrative Law Judge's statement that "some of the physical and mental abilities and social interactions required in order to perform these activities are the same as those for obtaining and maintaining employment," [AR 26] is not objectionable.

The Court finds no error requiring reversal.  Accordingly, the decision of the Commissioner is affirmed.

DATED:  May 1, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE